UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL C. REYNOLDS,

      Plaintiff,

    -against-

UNITED STATES OF AMERICA;
DEPARTMENT OF JUSTICE; UNITED
STATES PROBATION OFFICE; FEDERAL
BUREAU OF PRISONS,

      Defendants.

25-CV-2818 (LTS)

ORDER OF DISMISSAL UNDER
28 U.S.C. § 1915(g)

LAURA TAYLOR SWAIN, Chief United States District Judge:

  Plaintiff, who is currently incarcerated at Federal Correctional Institution – Schuylkill in Minersville, Pennsylvania, brings this action *pro se*. Because Plaintiff did not pay the filing fees at the time of filing, the Court understands Plaintiff to be seeking to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). Plaintiff has been recognized as barred, however, from filing any new action IFP while he is a prisoner. *See, e.g.*, *Reynolds v. Bittenbender*, No. 3:11-CV-1973 (M.D. Pa. Oct. 25, 2011). That order relied on the "three-strikes" provision of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g), which provides that:

> In no event shall a prisoner bring a civil action [IFP] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.[1]

---

[1] The Court has identified the following three dismissals as strikes: *Reynolds v. Kosik*, No. 4:06-CV-2466 (M.D. Pa. Jan. 18, 2007) (action, filed while Plaintiff was a prisoner, dismissed as frivolous); *Reynolds v. Gurganus*, No. 4:06-CV-1753 (M.D. Pa. Sept. 11, 2006) (same); *Reynolds v. Lackawanna Cnty. Prison*, No. 4:06-CV-1190 (M.D. Pa. July 7, 2006) (same).

Although Plaintiff has filed this new action seeking IFP status, his complaint does not show that he is in imminent danger of serious physical injury.[1] Instead, Plaintiff asserts claims under the Privacy Act, 5 U.S.C. § 552a, challenging the accuracy of various documents maintained by the towns of North Salem, New York, and East Fishkill, New York. Nothing in the complaint suggests that Plaintiff was at any risk of physical injury at the time he filed the complaint. Plaintiff is therefore barred from filing this action IFP.

## CONCLUSION

The Court denies Plaintiff's request to proceed IFP, and the complaint is dismissed without prejudice under the PLRA's "three-strikes" rule. *See* 28 U.S.C. § 1915(g).[2] Plaintiff remains barred from filing any future action IFP while he is in custody, unless he is under imminent threat of serious physical injury.[3] *Id.*

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

---

[1] An imminent danger is one "existing at the time the complaint is filed." *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002). A danger "that has dissipated by the time a complaint is filed" is not sufficient. *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009).

[2] Plaintiff may commence a new action by paying the filing fees. If Plaintiff does so, that complaint will be reviewed under 28 U.S.C. § 1915A, which requires the Court to dismiss *any* civil rights complaint from a prisoner if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

[3] The Court may bar any vexatious litigant (including a nonprisoner) from filing future actions (even if the filing fee is paid) without first obtaining leave from the Court. *See In re Martin-Trigona*, 9 F.3d 226, 227-30 (2d Cir. 1993) (discussing sanctions courts may impose on vexatious litigants, including "leave of court" requirement).

The Court directs the Clerk of Court to enter judgment in this action.

SO ORDERED.

Dated: April 10, 2025
New York, New York

                                            /s/ Laura Taylor Swain
                                               LAURA TAYLOR SWAIN
                                           Chief United States District Judge