UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MICHAEL C. REYNOLDS,

                Plaintiff,

-against-

UNITED STATES OF AMERICA; DEPARTMENT OF JUSTICE; UNITED STATES PROBATION OFFICE; FEDERAL BUREAU OF PRISONS,

                Defendants.

25-CV-2818 (LTS)

ORDER

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently incarcerated in FCI Schuylkill, filed this action *pro se*. By order dated April 10, 2025, the Court dismissed this action. (ECF 3.) The Clerk of Court entered judgment on April 15, 2025. (ECF 4.)

On June 18, 2025, the Court received Plaintiff's motion for an extension of time to file a notice of appeal (ECF 5) and a notice of appeal (ECF 6). As set forth below, the Court denies Plaintiff's motion as unnecessary.

## DISCUSSION

Under Rule 4(a)(1)(B) of the Federal Rules of Appellate Procedure, when at least one of the parties in a civil action is the United States or a federal agency, a notice of appeal in that action must be filed within 60 days after entry of the judgment or order being appealed from. Fed. R. App. P. 4(a)(1)(B)(i), (ii).

Because Plaintiff sues the United States and several federal agencies, he had 60 days after entry of judgment to file a timely notice of appeal. The Clerk of Court entered judgment on April 15, 2025, and Plaintiff's motion for an extension of time is deemed filed when he signed it on May 31, 2025. *See Hardy v. Conway*, 162 Fed. App' x 61, 62 (2d Cir. 2006) ("[I]n the absence of

contrary evidence, district courts in this circuit have tended to assume the prisoners' papers were given to prison officials on the date of their signing."); *Walker v. Jastremski*, 430 F.3d 560, 563 (2d Cir. 2005) (discussing the prison mailbox rule). Because Plaintiff filed his notice of appeal within 60 days after judgment was entered, the Court denies his motion for an extension of time as unnecessary.

## CONCLUSION

The Court denies Plaintiff's extension of time to file a notice of appeal as unnecessary. (ECF 5.) The Court directs the Clerk of Court to terminate the motion on the docket.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   June 26, 2025
         New York, New York

                                                  /s/ Laura Taylor Swain
                                                  LAURA TAYLOR SWAIN
                                                  Chief United States District Judge